**In re APEX AUTOMOTIVE WARE-HOUSE, L.P. an Illinois Limited Partnership**

**The Whitlock Corporation, a Minnesota Corporation, Debtors.**

**John T. Grigsby, Chapter 11 Trustee for the Creditor Trust for Apex Automotive Warehouse, L.P. and the Whitlock Corporation, Plaintiff,**

**v.**

**Purolator Products Air Filtration Company, Inc. D/B/A Purolator Products Defendant.**

**Bankruptcy Nos. 96 B 04594, 96 B 04596.**

**Adversary No. 98 A 00426.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 1, 2000.

544

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This adversary case is a core proceeding in the jointly administered bankruptcies filed by Apex Automotive Warehouse, L.P., an Illinois limited partnership ("Apex"), and The Whitlock Corporation, a Minnesota corporation ("Whitlock"), (Collectively, "Debtors") under Chapter 11 of the Bankruptcy Code.[1] John Grigsby, Jr., ("Plaintiff"), serving as trustee of the Creditor Trust established by Debtors' confirmed plan of reorganization, has filed a complaint to avoid and recover a prepetition transfer made by Debtors to Defendant Purolator Products Air Filtration Company, Inc., d/b/a Purolator Products ("Purolator").

This matter comes before the Court on Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, incorporated into bankruptcy proceedings by Rule 7056[2], and Local Rule 402.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue for this proceeding lies under 28 U.S.C. § 1409.

## BACKGROUND

This is a dispute over the avoidability under § 547 of a transfer made by Debtors to Purolator within 90 days of the filing of Debtors' bankruptcy petitions.

Whitlock operated as a retailer of aftermarket automotive parts. In January, 1995, Whitlock was acquired by Apex. In order to acquire Whitlock, Apex entered into several loans and, after Whitlock was acquired, Apex and Whitlock became joint-

David J. Fischer, Jonathan W. Young, Micah R. Krohn, Wildman, Harrold, Allen & Dixon, Chicago, IL, for John T. Grigsby, Chapter 11 Trustee for Apex Automotive Warehouse, L.P. and the Whitlock Corporation, Plaintiffs.

Paul M. Bauch, Paul M. Bauch & Associates, Chicago, IL, for Purolator Products Air Filtration Company, Inc., d/b/a Purolator Products, Defendants.

1. 11 U.S.C. §§ 101–1330.

2. Unless otherwise indicated, references to Rules are to the Federal Rules of Bankruptcy Procedure and all statutory references are to Title 11 of the United States Code.

ly and severally liable on these loan obligations.

Purolator is a manufacturer of automotive air filtration products. Purolator was an inventory supplier to Whitlock prior to Debtors' bankruptcy filing. On October 20, 1995, Purolator issued a statement showing an amount owed by Whitlock on past invoices of $136,477.03. Affidavit of Kenneth Riegler, Ex. C. Whitlock subsequently issued a payment to Purolator on November 30, 1995 in th e amount of $95,733.19. Affidavit of Kenneth Riegler, ¶ 5 Less than 90 days later, on February 22, 1996, Debtors filed voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code.

On September 24, 1996, the Debtors' Third Amended Consolidated Plan of Reorganization was confirmed by order of this Court. Article 9 of this Plan creates a Creditor's Trust. Section 9.4 provides for the appointment of a trustee as representative of Debtors' estate to prosecute pre-confirmation rights of action. Plaintiff, John Grigsby, Jr., was appointed as trustee for the Creditor's Trust to carry out this responsibilities.

On February 20, 1998, Plaintiff filed the present adversary complaint seeking to avoid and recover the disputed transfer as a preference under §§ 547 and 550, and to have Purolator's unsecured claim against the estate disallowed pursuant to § 502(d). On November 9, 1999, Plaintiff filed a motion for summary judgment in its favor on the adversary complaint.

### APPLICABLE STANDARDS

The purpose of summary judgment is to avoid unnecessary trials when there is no genuine issue of material fact. *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987), *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir.1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show

that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986), *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990). The existence of factual disputes is sufficient to deny summary judgment only if the disputed facts are outcome determinative. *UNR Industries, Inc. v. Walker (In re UNR Industries, Inc.)*, 224 B.R. 664, 665 (Bankr. N.D.Ill.1998), *Jones Truck Lines, Inc. v. Republic Tobacco, Inc.*, 178 B.R. 999, 1003 (Bankr.N.D.Ill.1995). The burden is on the moving party to show that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552, *Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56, *Matter of Chicago, Missouri & Western Ry. Co.*, 156 B.R. 567 (Bankr.N.D.Ill.1993). This burden is met when the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, *citing U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, the party opposing the motion may not rest upon pleadings, allegations or denials. The response of that party must set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment must be entered against a party who fails to show the existence of an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477

U.S. at 322, 106 S.Ct. 2548. In that situation, there is no genuine issue of material fact since a total failure of proof concerning an essential element of the case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548. Therefore, the moving party is entitled to judgment as a matter of law. *Id.*

## DISCUSSION

Plaintiff alleges that he has established a prima facie case demonstrating that the transfer in question satisfies all the requirements to constitute an avoidable preference under § 547(b) and Plaintiff asserts, as a matter of law, that he is entitled to summary judgment in his favor on the adversary complaint.

Purolator disputes Plaintiff's claim that he has demonstrated that, as a matter of law, the transfer in question constituted a voidable preference. Purolator also asserts an affirmative defense under § 547(c)(2), claiming that the underlying debt was incurred in the ordinary course of business, the transfer was made in the ordinary course of business between Whitlock and Purolator, and it was made according to ordinary business terms.

For preference actions under § 547, "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest against whom recovery and avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g).

Plaintiff must therefore ultimately prove, by a preponderance of the evidence, that the transfer in question meets the following criteria, set forth in § 547(b):

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
>
> (1) to or for the benefit of a creditor;

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made-
>
>> (A) on or within 90 days before the date of the filing of the petition;
>
> .        .        .        .        .
>
> (5) that enables such creditor to receive more than such creditor would receive if-
>
>> (A) the case were a case under Chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Plaintiff, in his statement of undisputed facts, drafted pursuant to Local Bankruptcy Rule 402(M), asserts that the transfer was made: to or for the benefit of Purolator, on account of antecedent debt owed by Whitlock to Purolator, while Whitlock was insolvent and within 90 days of the filing of Whitlock's Chapter 11 bankruptcy petition, and that the transfer enabled Purolator to receive more than it would had it not received the transfer and had it been paid solely from a Chapter 7 liquidation. Plaintiff's 402(M) Statement, ¶¶ 10, 12, 14, 15, 16.

Purolator, in its response pursuant to Local Bankruptcy Rule 402(N), disputes only (1) that Debtors were insolvent at the time of the transfer, and, (2) that Purolator would not have received the same recovery if the transfer had not been made in a Chapter 7 liquidation. All of Plaintiff's other factual assertions related to § 547(b) are not disputed and are therefore deemed to be admitted. Local Bankr.R. 402(N)(3)(b).

While Purolator attempts to controvert Plaintiff's statements regarding insolvency and equivalence of recovery, Pu-

rolator fails to adequately comply with the requirements of Local Bankruptcy Rule 402(N). If an opposing party seeks to dispute any of the moving party's factual assertions, the party opposing summary judgment is required, by Local Rule 402(N)(3)(a) to provide "specific references to the affidavits, parts of the record and other supporting materials relied upon." Local Bankr.R. 402(N). Further, a party opposing summary judgment must also present "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 402(N)(3)(b). Failure to adhere to these requirements will result in the treatment of the moving party's factual assertions as admitted by the opposing party. *In re Bryson,* 187 B.R. 939, 944 (Bankr.N.D.Ill.1995).

■ On the issue of Debtors' insolvency, Purolator states that it is "without knowledge or information sufficient to form a belief of the truth of the allegations in ¶ 14 of Plaintiff's Statement of Material Undisputed Facts without discovery regarding the basis of Mr. Peltz's conclusion that the Debtors were also insolvent at the time of the Payment." Purolator's Response to Plaintiff's Statement of Material Undisputed Facts, Response to ¶ 14. A response in a 402(N) statement which only claims a lack of knowledge will generally be treated as an admission. *Banner Oil Company v. Bryson (In re Bryson* ), 187 B.R. 939, 948, (Bankr.N.D.Ill.1995) *citing South Cent. Bank and Trust Co. v. Citicorp Credit Services, Inc.,* 863 F.Supp. 635, 643, n. 10 (N.D.Ill.1994). Further, Purolator makes no reference to any form of evidence which controverts Plaintiff's statement regarding insolvency and alleges no facts suggesting that Debtors were solvent at the time of the transfer. Thus, under Local Bankruptcy Rule 402(N)(3)(b), Plaintiff's statement is deemed admitted.

. Purolator's denial of Plaintiff's statements regarding a comparative payout under Chapter 7 suffer a similar fate. Offering no evidence to dispute Plaintiff's claims, Purolator claims a lack of information and seeks merely to dispute the admissibility of the evidence on which the factual allegation was based. As mentioned above, a claim of lack of information is insufficient to controvert a factual assertion in Plaintiff's 402(M) statement. While Purolator disputes the admissibility of the evidence proffered to support Plaintiff's allegations, Purolator's failure to allege facts placing the assertion into dispute prevents the issue from proceeding and Plaintiff's assertion regarding the Ch. 7 payout comparison is therefore deemed admitted by Purolator.

Because Purolator either admits or fails to controvert Plaintiff's assertions of undisputed fact, none of the elements of § 547(b) remain in dispute and Plaintiff is deemed to have met his burden of proof with regard to § 547(b). Therefore, Plaintiff will be entitled to judgment as a matter of law and thus, summary judgment regarding his claim under § 547 unless Defendant can establish the existence of a genuine issue of material fact with regard to its affirmative defense brought under § 547(c).

■ Purolator asserts that the payment received from Debtors may not be avoided and recovered because the transfer was within the bounds of the ordinary course of business exception to avoidable preferences, set forth in § 547(c)(2). Section 547(c)(2) provides that a transfer may not be avoided to the extent that such transfer was: (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms. 11 U.S.C. § 547(c)(2). It is well-settled that subsections (A), (B), and (C) are distinct requirements and the exis-

tence of each must be established separately by Purolator. *Milwaukee Cheese Wisconsin, Inc. v. Straus (Matter of Milwaukee Cheese, Inc.)*, 191 B.R. 397, 400 (Bankr.E.D.Wis.1995). To defeat a motion for summary judgement, Purolator must establish the existence of all three elements of the affirmative defense, and must show the existence of a genuine issue of material fact therein.

Under § 547(c)(2)(A), Purolator must establish that the debt incurred by Whitlock was incurred in the ordinary course of business. Purolator alleges as such in its statement of additional undisputed facts. Purolator's 402(N) statement, ¶ 20. This is uncontested by Plaintiff in his Response to Purolator's 402(N) statement and it is therefore deemed admitted that the debt was incurred within the ordinary course of business.

Under § 547(c)(2)(B), Purolator must next establish that the transfer was made in the ordinary course of business or financial affairs of Debtors and Purolator. Purolator asserts this in its 402(N) statement, with references to Plaintiff's statement of undisputed facts at ¶¶ 1, 2, 9, 10, 11, and 12 and the affidavit of Gary Arnold for support, although without reference to specific portions of said affidavit. Plaintiff, in his response to Purolator's 402(N) statement, disputes this assertion and refers to the affidavit of Kenneth Riegler, at Paragraphs [5] and 6 and at Group Exhibits B & C to suggest that the transfer was not made according to ordinary business terms. Plaintiff's response is sufficient to controvert the issue and prevent its admission. Therefore, examining the facts and what inferences may be drawn from them, for purposes of this motion, in the light most favorable to Purolator, if a trier of fact could rationally find that Purolator may prevail on this point, summary judgment should be defeated.

To determine whether a transfer falls into the category of the ordinary course of business of a Plaintiff and Defendant, courts will examine the course of dealing between the parties established before the preference period. *In re Crystal Medical Products*, 240 B.R. 290, 299 (Bankr.N.D.Ill.1999). To determine if a transfer was "ordinary" in relation to the prior course of dealing of the parties, courts will consider whether the creditor engaged in any unusual collection activity during the 90 days preceding the bankruptcy filing, the length of time during which the parties engaged in the transactions at issue, whether the amount or form of tender differed from past practices, and whether the creditor took advantage of the debtor's deteriorating financial condition. *In re Crystal Medical Products*, 240 B.R. at 299, *citing Schwinn Plan Comm. v. AFS Cycle & Co., Ltd.*, 205 B.R. 557, 572 (Bankr.N.D.Ill.1997); *Solow v. Ogletree, Deakins, Nash, Smoak & Stewart (In re Midway Airlines, Inc.)*, 180 B.R. 1009, 1013 (Bankr.N.D.Ill.1995). Here, Purolator asserts that approximately 60 days before the transfer in question, Debtors made a similar transfer in like amount for other "nominally past due" invoices. Purolator also states that there was no unusual collection activity involved and that the payment in question was made by ordinary check and delivered by ordinary mail. Purolator provides an affidavit by Gary Arnold, an executive of Purolator, setting forth his opinion that this transfer was made in the ordinary course of business between Purolator and Debtors. Examining all factual inferences in the light most favorable to Purolator, Purolator has shown the existence of the element required and raised a dispute as to a potentially material question of fact and thereby defeating summary judgment.

Because the affirmative defense may not be maintained unless all three elements are established, Purolator must finally show that the transfer was conducted according to ordinary business terms under § 547(c)(2)(C). Otherwise, the factual dispute pertaining to whether the transfer was conducted in the ordinary course of business under § 547(c)(2)(B) is immateri-

al and will not prevent Plaintiff from obtaining summary judgment.

Before Purolator may defeat Plaintiff's motion for summary judgment, it must demonstrate that the transfer was made "within ordinary business terms." 11 U.S.C. § 547(c)(2)(C). Courts have interpreted "ordinary business terms" to refer to the standards of the particular industry adhered to by the transferee's competitors in the industry involved. *In re Crystal Medical Products*, 240 B.R. at 299. An examination of these industry standards requires: (1) an identification of the relevant industry; and (2) an objective examination of its standards and practices to determine if this transfer within the outer boundaries of the industry. *Moglia v. ISP Technologies, Inc. (In re DeMert & Dougherty, Inc.)*, 232 B.R. 103, 108 (Bankr.N.D.Ill.1999); *Milwaukee Cheese*, 191 B.R. at 400. Purolator may not derive the standards and practices of the industry from its own practices and must present evidence of the actual practices of its competitors. *In the Matter of Midway Airlines, Inc.*, 69 F.3d 792, 795 (7th Cir. 1995). Because Plaintiff offers evidence with which to dispute Purolator's statement of undisputed fact that the transfer was made according to ordinary business terms, it is not deemed admitted and, for Purolator to establish the existence of this element, it must prevent some evidence of its competitor's practices. *In re Crystal Medical Products*, 240 B.R. at 299. To support its position Purolator refers to the affidavit of Gary Arnold, the credit manager of Purolator, and the affidavit of Margie Jones, credit manager for Arvin Replacement Parts Division of Arvin Industries, Inc., a competitor in the field of manufacturing and distributing automotive aftermarket parts. Both affidavits contain opinions based on general perceptions of industry practices and a general overview of their own company produced without examination of specific cases. Courts have held that "general testimony by an employee of the defendant, unsupported by any specific data is insufficient to prove 'ordinary business terms.'" *In re Crystal Medical Products*, 240 B.R. at 299, *citing In re Schwinn Bicycle Co.*, 205 B.R. 557, 573 (Bankr.N.D.Ill.1997). However, through the affidavit of Margie Jones, Purolator also presents evidence of its competitor's practices. There is sufficient evidence to support the existence of the defense. A genuine issue of material fact thus exists as to whether the transfer was made pursuant to ordinary business terms, as well as a genuine issue as to whether the transfer was made in the ordinary course of business between Plaintiff and Purolator, warranting denial of Plaintiff's motion for summary judgment.

## CONCLUSION

Purolator has demonstrated genuine issues of material fact relating to Purolator's asserted affirmative defense under § 547(c). Therefore, Plaintiff's motion for summary judgment is denied.